F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KAI CHRISTOPHER CHRISTMAN,

Petitioner-Appellant,

v.

JOHN W. SUTHERS, Ex. Dir. D.O.C.;
ROBERT W. FURLONG; and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 00-1439

(D.C. No. 00-K-1440)

(D. Colo.)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

Petitioner was serving an indeterminate sentence in the Colorado penal
system when he escaped from the Colorado State Hospital. While on the lam, he

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was convicted of child molestation in California, where he served time and was later paroled. California then returned him to the custody of the Colorado Department of Corrections. Petitioner filed a habeas corpus petition with the federal district court of Colorado, arguing that Colorado has no authority to further incarcerate him in light of a "discharge" letter he had received from the Colorado State Hospital at some point after his escape. The court denied the habeas petition and Petitioner's subsequent requests for a certificate of appealability and leave to proceed in forma pauperis on appeal. Petitioner appeals all three district court orders.

Throughout these proceedings, Petitioner's claims appear to have been treated as though brought under 28 U.S.C. § 2254. Given the nature of his claims, however, we note that, technically, they should have proceeded under 28 U.S.C. § 2241 as an attack on the execution of his sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Either way, the consequences are the same in the instant case: Petitioner must obtain a certificate of appealability prior to being heard on appeal. See id. at 868-69. A court will issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner could do so by demonstrating that his claims warrant further proceedings, "subject to a different resolution on appeal," or are debatable among reasonable jurists. Montez, 208

F.3d at 869. We agree with the district court that Petitioner has failed to make the necessary showing. Accordingly, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** his habeas appeal. Petitioner's application to proceed in forma pauperis is **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge